UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARTIN L. GOSS, | ) |
|     Plaintiff, | ) |
| v. | ) No.: 3:24-CV-165-KAC-JEM |
| SECURITAS SECURITY SERVICES, USA, INC., *et al.*, | ) |
|     Defendants. | ) |

### ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1], Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 2], and his Amended Complaint [Doc. 9].[1]

For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 2**], and the Court will therefore allow Plaintiff to file his Amended Complaint without the payment of costs. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's claims under the Computer Fraud and Abuse Act of 1986, 42 U.S.C. § 1985(3), the Fourth Amendment of the United States Constitution, and 18 U.S.C. § 241, but allow his employment discrimination claims to proceed beyond the initial screening phase.

**I.    DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 2] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court

---

[1] On April 12, 2024, the Court entered an order allowing Plaintiff the opportunity to amend his Complaint because it did not comply with Rule 8 of the Federal Rules of Civil Procedure [Doc. 7].

without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff's expenses are more than his income. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.   RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prisoner Litigation Reform Act,[2] district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a

---

[2] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to

claim for relief, or are against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A. **Summary of the Amended Complaint**

Plaintiff brings his claim against Defendants Verizon and Securitas Security Services USA Inc. ("Securitas") [Doc. 9 p. 2]. On May 23, 2022, Plaintiff reported to his supervisor that he found a noose hanging from a doorknob [*Id*. at 4]. The following day, he was called into work, and he found the noose hanging from a different doorknob [*Id*.]. Plaintiff attempted to file an incident report, but the computer system was down [*Id*.]. Plaintiff never saw the noose again, but he was later informed that it was a painter's tool used to hold doors open [*Id*. at 5]. He alleges, however, that there were no painters on site and that there are plenty of door stops [*Id*.]. Later, in August, he informed Defendants that the company phone screen saver was an emblem used by the Proud Boys [*Id*.]. Defendants did not remove the image until September 16, 2022 [*Id*.].

---

screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

3

On June 17, 2022, Plaintiff learned "that a younger, white female was promoted to lie[u]tenant" [*Id*.]. Plaintiff was not "made aware of this promotional opportunity" and alleges that the younger, white female was promoted "because of her race and gender" [*Id*.].

On August 1, 2022, the employees were "instructed not to park in front of the building" [*Id*.]. This is where the handicap parking spots are located, so this made it more difficult for Plaintiff to walk to the building [*Id*.]. Plaintiff also alleges that he was hired to work part time, but he was made to work full time "under duress" [*Id*. at 6].

Finally, he alleges that his "phone has been tracked by the Defendant[,]" which "causes [him] great anxiety" [*Id*. at 5].

Based on the above, Plaintiff alleges violations of the Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act ("ADA"), the Computer Fraud and Abuse Act ("CFAA") of 1986, 42 U.S.C. § 1985(3), the Fourth Amendment of the United States Constitution, and 18 U.S.C. § 241 [*Id*. at 3]. He seeks compensatory and punitive damages and injunctive relief [*Id*. at 6].

**B.     Screening of the Amended Complaint**

Starting with Plaintiff's allegation under the CFAA, this statute generally protects unauthorized access to computers. 18 U.S.C. § 1030. One provision states that an individual who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer . . . shall be punished." *Id*. § 1030(a)(2)(C). The statute allows for a private right of action if:

> **(I)**     loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

    **(II)**    the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;

    **(III)**    physical injury to any person;

    **(IV)**    a threat to public health or safety; [and]

    **(V)**    damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security[.]

18 U.S.C. § 1030(g). In order to state a claim under the CFAA, the plaintiff "must plead that (1) [the d]efendants intentionally accessed a computer; (2) the access was unauthorized or exceeded [the d]efendants' authorized access; (3) through that access, [the d]efendants thereby obtained information from a protected computer; and (4) the conduct [caused any of the damages listed in § 1030(c)(2)(4)(A)(i)(I)–(V)]." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 759 (6th Cir. 2020). Here, Plaintiff alleges that Defendants tracked his phone, and it caused him anxiety [Doc. 9 pp. 5, 6]. These allegations are too conclusory to state a claim of relief under the CFAA, and he has not pleaded many of the elements above.[3] The undersigned therefore recommends that this claim be dismissed.

    Plaintiff also alleges violations of 42 U.S.C. § 1985(3). "Section 1985(3) creates a cause of action against those who conspire to deprive any person, or class of person, the equal protection of the laws or equal privileges and immunities under the laws." *Borke v. Warren*, No. 22-1270, 2023 WL 6367754, at *2 (6th Cir. Aug. 2, 2023) (citations omitted). But his allegations of conspiracy [*see* Doc. 9 p. 6] are vague and conclusory and not supported by any facts. *See Dekoven*

---

[3]    For purposes of screening, the Court has considered Plaintiff's anxiety as a physical injury. *See Wofse v. Horn*, 523 F. Supp. 3d 122, 140 (D. Mass. 2021) (denying summary judgment because the plaintiff suffered from anxiety, panic attacks, insomnia, and internal bleeding).

*v. Bell*, 140 F. Supp. 2d 748, 758 (E.D. Mich. 2001) ("Vague and conclusory allegations of conspiracy unsupported by material facts will not be sufficient to withstand a motion to dismiss conspiracy claims under § 1983 or § 1985(3)."), *aff'd*, 22 F. App'x 496 (6th Cir. 2001). The undersigned therefore recommends that Plaintiff's claim under 42 U.S.C. § 1985(3) be dismissed.

Turning to Plaintiff's allegation that Defendants violated the Fourth Amendment of the United States Constitution, Plaintiff cannot state a claim of relief. "It is well-settled that an entity is only liable for claims based on constitutional violations if the entity is held to be a government actor." *Johnson v. Tyson Foods, Inc.*, 607 F. Supp. 3d 790, 799 (W.D. Tenn. 2022) (citations omitted). Plaintiff has not made any allegations that Defendants are government actors, and therefore, the undersigned recommends that his claim for violating the Fourth Amendment of the United States Constitution be dismissed.[4]

With respect to Plaintiff's allegation that Defendants violated 18 U.S.C. § 241, the undersigned recommends that this claim be dismissed because this statute does not create a private right of action. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("Finally, the district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes." (citation omitted)).

Finally, Plaintiff alleges race, sex, and disability discrimination. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the ADA, "No covered entity shall discriminate against

---

[4] There are circumstances where private actors can be deemed state actors. *Johnson v. Tyson Foods, Inc.*, 607 F. Supp. 3d 790, 799 (W.D. Tenn. 2022). But Plaintiff has not made any allegations that would trigger these circumstances.

6

a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

In order to state a claim under these statutes, the plaintiff must allege sufficient facts to support an inference that the defendant discriminated against him because of his sex, race, or disability. *See Hazen v. Cleveland Clinic Found.*, No. 1:21-CV-01965, 2022 WL 3083027, at *4 (N.D. Ohio July 29, 2022) ("To state a claim of disability discrimination under the ADA, a plaintiff 'must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation,' and (3) she suffered and adverse employment action because of her disability." (quoting *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020))); *Morris v. Austin Peay State Univ.*, 438 F. Supp. 3d 842, 847 (M.D. Tenn. 2020) (explaining that allegations that the defendant hired the male applicant over the plaintiff who was equally qualified were not subject to dismissal); *Flynn v. Memphis Pathology Lab'y (AEL)*, No. 2:19-2882-CV, 2020 WL 5801087, at *4 (W.D. Tenn. Sept. 29, 2020) ("It is axiomatic that, to state a claim of race discrimination under Title VII, the plaintiff must plead facts which allow the court to infer that the employer's wrongful [conduct] related to the plaintiff's race." (citations omitted)).

At the pleading stage, a plaintiff is not required to plead a prima facie case of discrimination. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *see also Shaw v. Prologistix*, No. 2:24-CV-2219, 2024 WL 2378944, at *2 (W.D. Tenn. May 23, 2024) (noting that the plaintiff does not have to plead a prima facie case when screening the complaint (citing cases)). "All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard." *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8,

7

2018) (citation omitted), *report and recommendation adopted*, No. 17-CV-2869, 2018 WL 648377 (W.D. Tenn. Jan. 31, 2018).

With respect to his race and sex discrimination claims, Plaintiff alleges that Defendants promoted a younger, white female, and he was not made aware of the promotion, and that she was promoted "because of her race and gender" [Doc. 9 p. 5].[5] Based on this allegation and considering his pro se status, the undersigned recommends that Plaintiff's race and sex discrimination claims pass the initial screening process. *See Sanders v. D&S Residential Servs.*, No. 3:22-CV-176, 2023 WL 1099758, at *3 (E.D. Tenn. Jan. 30, 2023) (recommending that the plaintiff's employment discrimination claims pass the screening phase because she alleged that the "[d]efendant hired younger, white females and paid them more money than Plaintiff"), *report and recommendation adopted*, No. 3:22-CV-176, 2023 WL 2531482 (E.D. Tenn. Mar. 15, 2023); *Gillespie v. Magee*, No. 17-2726, 2017 WL 4899300, at *4 (W.D. Tenn. Oct. 11, 2017) (allowing plaintiff's race discrimination claim to pass the initial screening process because she alleged that she was "subjected to adverse employment decisions while working for [the defendant] including termination . . . . [and] that she was treated differently from white employees"), *report and recommendation adopted*, No. 2:17-CV-2726, 2017 WL 4898845 (W.D. Tenn. Oct. 30, 2017). Similarly, with respect to his allegation of disability discrimination, he claims that he was forced to work full time "under duress," which caused him to lose his disability benefits [Doc. 5 p. 6].

---

[5] The Court has considered whether to construe Plaintiff's claim as one under the Age Discrimination Employment Act ("ADEA"). But he does not reference the ADEA in his Amended Complaint [*see* Doc. 9 p. 3], and he does not allege that his co-worker was promoted over him because of her age [*see id*. at 5]. *See Vasser v. Shiroki N. Am., Inc.*, No. 2:19-CV-00098, 2021 WL 1088181, at *6 (M.D. Tenn. Mar. 22, 2021) (explaining that under the ADEA, the plaintiff must allege sufficient facts to support a reasonable inference that the defendant discriminated against her "with respect to her compensation, terms, conditions or privileges of employment, because of her age" (cleaned up and citation omitted)).

8

*See Green v. BakeMark USA, LLC*, 683 F. App'x 486, 491–92 (6th Cir. 2017) (explaining that "part-time work schedule may be a reasonable accommodation in some cases" (citation omitted)). The undersigned recommends allowing this claim to proceed beyond the initial screening phase.[6]

Finally, Plaintiff has included allegations that there were nooses hung on doorknobs and that a Proud Boys' emblem was displayed on the company screensaver [Doc. 9 p. 5]. Considering the allegations liberally, the undersigned will construe this claim as a hostile work environment, and the undersigned recommends this claim proceed beyond the screening phase. *See Roddy v. Tenn. Dep't of Corr.*, No. 3:20-CV-00373, 2021 WL 2043085, at *4 (M.D. Tenn. May 21, 2021) (explaining that "the Complaint must contain a short and plain statement showing that Roddy's 'workplace [was] permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment[.]" (quoting *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 514 (6th Cir. 2009) (alterations in original)).[7] [8]

---

[6] Because Plaintiff was not seeking goods and services, the undersigned has not construed Plaintiff's allegations regarding the handicap parking spot under Title III of the ADA. *See Schultz v. Alticor/Amway Corp.*, 177 F. Supp. 2d 674, 678–79 (W.D. Mich. 2001), *aff'd*, 43 F. App'x 797 (6th Cir. 2002) ("Title III prohibits discrimination on the basis of a disability in the enjoyment of goods and services in places of public accommodation. An employee claiming discrimination is not seeking goods and services under the language of Title III." (citations omitted)).

[7] It is unclear whether Defendant Verizon is Plaintiff's employer [*See* Doc. 9-1 p. 4]. The undersigned therefore recommends allowing the employment discrimination claims to proceed past the screening phase.

[8] The Court has considered whether to provide Plaintiff with leave to amend his pleading, but it has already allowed Plaintiff to file an Amended Complaint [*See* Doc. 7].

### III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation [**Doc. 2**][9] and **RECOMMENDS**[10] that the District Judge **DISMISS** Plaintiff's claims under the Computer Fraud and Abuse Act of 1986, 42 U.S.C. § 1985(3), the Fourth Amendment of the United States Constitution, and 18 U.S.C. § 241, but allow his employment discrimination claims to proceed.[11]

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[9] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[10] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[11] Should the District Judge agree with this recommendation and allow this claim to proceed, this "does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." *Bawcom v. Roades*, No. 3:22-CV-00923, 2023 WL 425376, at *4 (M.D. Tenn. Jan. 26, 2023).